IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RYAN P. CREWS, ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No.  06-1012-DRH |
| ) | |
| CITY OF MT. VERNON, a Municipal ) | |
| Corporation, CHRIS DEICHMAN, ) | |
| individually and in his capacity as ) | |
| Assistant Chief of Police for the City of ) | |
| Mt. Vernon, and CHRIS MENDENALL, ) | |
| individually and in his capacity as ) | |
| Chief of Police for the City of Mt. Vernon, ) | |
| Defendants. ) | |

### PLAINTIFF'S BRIEF IN SUPPORT OF MOTION TO STRIKE FEE DEMAND

Pursuant to SDIL-LR 7.1, plaintiff Ryan P. Crews ("Plaintiff"), by his attorneys, The Sharp Law Firm, P.C., submits this brief in support of his *Motion to Strike Fee Demand* being filed simultaneous herewith pursuant to Federal Rule of Civil Procedure 12(f).

### I. INTRODUCTION.

This action is brought under the Uniformed Services Employment & Reemployment Rights Act, 38 U.S.C. §§ 4301 *et seq.* ("USERRA" or "Act"). Plaintiff is a corporal in the Police Department ("Department") of the City of Mt. Vernon ("City"), a Sergeant First Class in the Illinois Army National Guard, and a veteran of two tours of duty in Iraq. In his *First Amended Complaint* (Docket #8) ("Complaint"), he alleges that Defendants have denied him benefits protected by the Act (¶¶ 11-14) and have retaliated against him for opposing that decision (¶¶ 16, 19).[1]

---

[1] For greater background on the Act and this case, see *Plaintiff's Brief in Support of Motion to Strike Certain Affirmative Defenses* (Docket #16) at pp. 1-6.

On January 4, 2007, Defendants filed *Defendants' Answer to Plaintiff's First Amended Complaint* (Docket #12) ("Answer").  In the Answer, Defendants ask for "an award of fees and costs taxed against counsel for the Plaintiff" (p. 9).  Because that prayer is a transparent attempt to intimidate Plaintiff and others who might challenge Defendants' unlawful activity, and because it is without basis in the law, Plaintiff asks that it be stricken.

## II.  THE LEGAL STANDARD.

Federal Rule of Civil Procedure 12(f) states:

> **Motion to Strike.** Upon motion made by a party before responding to a pleading or, if no responsive pleading is permitted by these rules, upon motion made by a party within 20 days after the service of the pleading upon the party or upon the court's own initiative at any time, the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.

As shown below, Defendants' demand for fees has no legitimate basis and thus is immaterial and impertinent within the meaning of that rule.

## III.   ARGUMENT.

It is well-settled that federal courts must follow the "American Rule" that absent statutory authorization, parties are not allowed attorney fees, even if they ultimately prevail in a lawsuit (which Defendants here will not).  See Alyeska Pipeline Serv. Co. v. Wilderness Society, 421 U.S. 240 (1975).  In *Alyeska,* the Supreme Court held that federal courts may not deviate from the American Rule without legislative direction, because only Congress can authorize exceptions to the American Rule.  See 421 U.S. at 247-50, 254-55, 260-62, 269-71.

In USERRA, Congress not only failed to give defendants a right to recover

fees, it forbade such recovery by explicitly stating, "No fees or court costs may be charged or taxed against any person claiming rights under this chapter."  § 4323(h).

Defendants apparently believe this prohibition may be side-stepped by seeking to impose fees on the claimant's counsel, instead of against the claimant directly.  However, USERRA's prohibitions against retaliation (§§ 4311(b) and 4311(c)(2)) are not limited to retaliation against the serviceman, and the Department of Labor (which is empowered to promulgate regulations under § 4331(a)) has issued a regulation that employers are "prohibited from taking actions against *an individual* for any of the activities protected by the Act, whether or not he or she has performed service in the uniformed services".  20 C.F.R. § 1002.20 (emphasis added).  Because the Department did not limit this protection to "employees" as defined in 20 C.F.R. § 1002.5(c), the regulation plainly serves to protect servicemen from retaliation against non-employee individuals who are assisting the serviceman in bringing a claim.  Compare 20 C.F.R. § 1002.310 ("No fees or court costs may be charged or taxed against *an individual* if he or she is claiming rights under the Act") (emphasis added).  Moreover, under the conventional rule that a client is obligated not only to pay the attorney the agreed-upon fee but also to reimburse the attorney for out-of-pocket expenses sustained in the representation, a prayer of fees against the serviceman's counsel is functionally indistinguishable from a claim against the serviceman himself.

Furthermore, the instant demand must be viewed in context.  Defendants admit that numerous other employees belong to the Guard and are ordered for drill

3

on days that are not their scheduled days off.  *E.g.,* Answer ¶ 11.  Those employees represent prospective plaintiffs because of Defendants' abolition of the Policy at issue in this case.  Defendants' PR campaign has led the press to report that the City "asks that the complaint be dismissed and that a judgment be entered in its favor with an award of fees and costs taxed against Crews' counsel".  Davis, *City Denies Rights Violation, Seeks Dismissal of Officer's Suit*, Mt. Vernon Register-News 1A, 3A (Jan. 5, 2007).[2]  What plainly is occurring here is a campaign to intimidate others who might seek relief against Defendants' violations of the law.  This violates the intent of USERRA and is an improper use of court processes in any event.

While *in terrorem* tactics will have no effect on counsel in this case, the approach of countersuing USERRA claimants' counsel, if allowed to stand, certainly could have a chilling effect in the future, when other USERRA claimants try to find representation for their cases.  Servicemen often are not wealthy.  If, by bringing USERRA cases, the lawyer exposes himself to personal liability, lawyers will hesitate (or demand large retainers) before taking on cases with such ruinous potential.  The result sought by Defendants is directly contrary to the policies underlying both USERRA and the American legal system.

Finally, it must be noted that because there is no statutory basis for a fee award here, Defendants' fee demand operates as a *de facto* motion for sanctions

---

[2] See http://www.register-news.com/siteSearch/apstorysection/local_story_005103851.html. In fact, Defendants have **not** moved that the Complaint be dismissed, although they clearly could have done so if they truly believed (as they repeatedly tell the press) that "Crews' claims have no merit." *Id.*

4

under Federal Rule of Civil Procedure 11. However, Defendants have not complied with the prerequisites for bringing such a motion, and their Answer does not even claim that the substantive grounds required for Rule 11 sanctions have been met. This failure to comply with the rules is, by itself, a sound basis for striking the fee demand.

### IV. CONCLUSION.

Defendants' fee demand is made in direct violation of the American Rule against fee-shifting, as interpreted by the Supreme Court in <u>Alyeska Pipeline Serv. Co. v. Wilderness Society</u>, 421 U.S. 240 (1975). Further, the demand is directly contrary to the stated policies and intent in the USERRA legislation. The demand also is made in violation of Rule 11 and is a transparent attempt at retaliation and intimidation. For all the foregoing reasons, Plaintiff respectfully requests that the Court enter an order striking Defendants' unwarranted demand for attorney fees.

January 23, 2007          THE SHARP LAW FIRM, P.C.


                          By: s/ John T. Hundley


John T. Hundley #3143403
Mandy L. Combs #6282863
Lance C. Martin #6196099
THE SHARP LAW FIRM, P.C.
Attorneys for Plaintiff
1115 Harrison, P.O. Box 906
Mt. Vernon, IL 62864
618-242-0246
618-242-1170 facsimile

## **CERTIFICATE OF SERVICE**

     The undersigned hereby certifies that a true and correct copy of the foregoing document was served electronically upon all persons who have appeared herein upon electronic filing on January 23, 2007, by transmission to:

Tracey L. Truesdale
tracey.truesdale@odnss.com

January 23, 2007

                THE SHARP LAW FIRM, P.C.


                By:  s/ John T. Hundley
                John T. Hundley #3143403
                THE SHARP LAW FIRM, P.C.
                1115 Harrison, P.O. Box 906
                Mt. Vernon, IL  62864
                618-242-0246
                618-242-1170 facsimile

sara\wpdocs\Crews re City of MtV\Fee Strike Brief.doc
1/23/2007 10:43 AM