IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RYAN P. CREWS, a natural person, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 06-1012-DRH |
| | ) |
| CITY OF MT. VERNON, a Municipal | ) |
| Corporation; CHRIS DEICHMAN, | ) |
| individually and in his capacity as Assistant | ) |
| Chief for the City of Mt. Vernon; and CHRIS | ) |
| MENDENALL, individually and in his capacity | ) |
| as Chief of Police for the City of Mt. Vernon, | ) |
| | ) |
| Defendants. | ) |

**DEFENDANTS' RESPONSE IN OPPOSITION TO
PLAINTIFF'S MOTION TO STRIKE FEE DEMAND**

Defendants, CITY OF MT. VERNON, CHRIS DEICHMAN, and CHRIS MENDENALL ("Defendants"), oppose Plaintiff's Motion to Strike Fee Demand (the "Motion").

Plaintiff's Motion should be denied. Defendants may preserve the right to seek attorney fees, and particularly under these circumstances, as described in Defendants' Motion to Dismiss, where Defendants believe Plaintiff's claims are meritless and likely frivolous. Plaintiff's motion is premature and only serves to delay the litigation of the claims. Defendants are entitled to preserve certain rights, including those to seek attorney fees under Rule 11 of the Federal Rules of Civil Procedure, if it is determined the claims are meritless.

**I. INTRODUCTION**

In this action, Plaintiff purports to assert claims under the Uniform Services Employments and Reemployment Rights Act ("USERRA"), 38 U.S.C. §4301 *et seq.*, seeking to recover benefits pursuant to 38 U.S.C. §§4311 and 4323. In answering, Defendants have

preserved their right to seek fees in accordance with Rule 11. No discovery has yet been conducted in the case.

## II. LEGAL STANDARD

Motions to strike pursuant to Rule 12(f) are infrequently granted because striking a portion of a pleading is a drastic remedy and because such remedies are often sought by a movant simply as a dilatory tactic. *Imperial Const. Management Corp. v. Laborers' It'l Union, Local 96*, 818 F. Supp. 1179, 1186 (N.D. Ill. 1993). Motions to strike should not be granted unless it is clear the matter to be stricken could have no possible bearing on the subject matter of the litigation. Under Rule 11(b)(2) of the Federal Rules of Civil Procedure, counsel is subject to sanctions if it prepares pleadings including claims that are unwarranted by law or frivolous.

## III. ARGUMENT

Defendants agree the "American Rule" does not allow for attorney fees to the prevailing party in typical litigation founded upon a good faith dispute as to the facts and/or applicable law. Rule 11, however, permits the court to award expenses, including attorney's fees, to a litigant whose opponent acts in bad faith in instituting or conducting litigation. *See*, *e.g.*, *Roadway Express, Inc. v. Piper*, 447 U.S. 752 (1980). In determining whether to apply Rule 11 sanctions for filing a frivolous claim, the court must determine whether the claim was well grounded in fact and law at the time it was filed, and whether counsel made a reasonable investigation under the circumstances of the case. *Aviation Constructors v. Federal Express Corp.*, 814 F.Supp. 710 (N.D.Ill.1993); *Ridge v. U.S. Postal Service,* 154 F.R.D. 182 (N.D.Ill.1992) (under Rule 11's "frivolousness clause," sanctions are warranted if a party fails to make reasonable inquiry into governing law, or if a party fails to make reasonable inquiry into facts of the case).

Here, as will be set forth more fully in Defendants' Motion to Dismiss (to be filed shortly), Plaintiff has no legal basis for his claims and, in fact, ignores legal precedent to the contrary. Additionally, Plaintiff's multiple motions to strike[1] serve only the purpose to delay and harass. Plaintiff has not demonstrated any way in which he will be prejudiced by the inclusion of a fee demand, and clearly is again attempting to sidestep the discovery process by requesting the basis for Defendants' demand at this early stage of litigation. Although Defendants have not yet brought a Rule 11 motion, they provided their fee demand in an effort to preserve their right to seek fees and to provide Plaintiff notice of their intent. Defendants will more fully address this issue in a Rule 11 motion if such should be deemed necessary here and if and when all predicates for such have been satisfied.

## CONCLUSION AND REQUEST FOR RELIEF

Plaintiff has not met his burden under Rule 12(f) of showing that Defendants' fee demand should be stricken. Accordingly, Defendants request this Court deny Plaintiff's Motion to Strike Defendants' Fee Demand.

/s/ Tracey L. Truesdale
Tracey L. Truesdale (IL ARDC No. 06207891)
OGLETREE, DEAKINS, NASH,
   SMOAK & STEWART, P.C.
Two First National Plaza
20 South Clark Street
25th Floor
Chicago, IL  60603
(312) 558-1220
(312) 807-3619  *(Facsimile)*
tracey.truesdale@odnss.com

---

[1] Defendants also refer the Court to Plaintiff's Motion to Strike Affirmative Defenses which was filed at the same time (Docket Docs. 15 and 16), as well as the subsequent Plaintiff's Motion to Strike Answer and Appearance (Docket Doc. 21).

                Anthony B. Byergo (IL ARDC No. 06203927)
                (application for admission to U.S.D.C. for S.D. Ill. filed and pending)
                OGLETREE, DEAKINS, NASH,
                   SMOAK & STEWART, P.C.
                4717 Grand Avenue, Suite 300
                Kansas City, MO  64112
                (816) 471-1301
                (816) 471-1303  *(Facsimile)*
                tony.byergo@ogletreedeakins.com

                **Attorneys for Defendants**

**CERTIFICATE OF SERVICE**

The undersigned certifies that on the 6th day of February, 2007, the above and foregoing DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE FEE DEMAND was electronically filed, and notification of such filing was made by the Court via e-mail to all counsel electronically registered with the Court:

>John T. Hundley
>Mandy L. Combs
>THE SHARP LAW FIRM, P.C.
>1115 Harrison, P.O. Box 906
>Mt. Vernon, IL 62864
>(Attorneys for Plaintiff)

>/s/ Tracey L. Truesdale
>Attorney for Defendant

4652157_1.DOC