**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

**RYAN P. CREWS.**

**Plaintiff,**

**v.**

**CITY OF MT. VERNON, a Municipal
Corporation; CHRIS DEICHMAN, individually
and in his capacity as Assistant Chief of
Police for the City of Mt. Vernon; and
CHRIS MENDENALL, individually and in his
capacity as Chief of Police for the City of
Mt. Vernon,**

**Defendants.**                                        **No. 06-cv-1012-DRH**

**ORDER**

**HERNDON, District Judge:**

Now before the Court is Plaintiff's motion to strike Defendants' fee

demand (Doc. 17). Specifically, Plaintiff argues that Defendants' fee demand should

be stricken as the "American Rule" prohibits an award of fees and costs, that the

Uniformed Services Employment & Reemployment Rights Act ("USERRA") also

prohibits such fees and costs and that there is no statutory basis for such a fee

award. Defendants oppose the motion arguing that they may preserve the right to

seek attorney fees under **Federal Rule of Civil Procedure 11** because they believe that Plaintiff's claims are meritless and likely frivolous (Doc. 23).[1]   Based on the record and the applicable law, the Court agrees with Plaintiff and grants the motion to strike.

Here, Plaintiff's cause of action stems from alleged violations of the USERRA.  **38 U.S.C. § 4323**(h)(1) provides: "No fees or court costs may be charged or taxed against any person claiming rights under this chapter."  Thus, USERRA explicitly prohibits an award of fees and costs for Defendants.  Similarly, and the parties agree, the "American Rule" prohibits an award of fees and costs.  ***See Alyeska Pipeline Serv. Co. v. Wilderness Society*, 421 U.S. 240 (1975)**.  As to Defendants' argument that they provided their fee demand in an effort to preserve their right to seek fees and to provide Plaintiff notice of the intent, the Court finds it to be specious.  The Court cannot find any case law and Defendants have not presented any case law to suggest that in order to preserve a fee demand in order to preserve their right to seek fees and to provide Plaintiff with notice **Rule 11** motion for sanctions that it must be plead in the Answer.  In fact, the Committee Notes to **Rule 11** states the contrary.[2]

---

[1]In their response, Defendants admit that the "American Rule" does not allow for attorney fees to the prevailing party (Doc. 23, p. 2).   Their response is silent as to whether USERRA allows for fees and costs.

[2]"Ordinarily the motion should be served promptly after the inappropriate paper is filed, and, if delayed too long, may be viewed as untimely.  In other circumstances, it should not be served until the other party has had a reasonable opportunity for discovery.  Given the 'safe harbor' provisions discussed below, a party cannot delay in its Rule 11 motion until conclusion of the case (or judicial rejection of the offending contention). ... The rule provides that requests for sanctions must be made as a separate motion, *i.e.*, not simply included as an additional prayer for relief contained in another motion."  **Federal Rule of Civil Procedure 11 *Advisory Committee***

Page 2 of  3

Accordingly, the Court **GRANTS** Plaintiff's motion to strike fee demand (Doc. 17) and **STRIKES** Defendants' fee demand contained in their Answer to Plaintiff's First Amended Complaint.

**IT IS SO ORDERED.**

Signed this 21st day of May, 2007.

/s/      David   RHerndon
**United States District Judge**

***Notes* (1993 Amendments)**.