IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

RYAN P. CREWS.

**Plaintiff,**

v.

CITY OF MT. VERNON, a Municipal
Corporation; CHRIS DEICHMAN, individually
and in his capacity as Assistant Chief of
Police for the City of Mt. Vernon; and
CHRIS MENDENALL, individually and in his
capacity as Chief of Police for the City of
Mt. Vernon,

**Defendants.**                              No. 06-cv-1012-DRH

## MEMORANDUM and ORDER

**HERNDON, District Judge:**

### I. Introduction

Pending before the Court is Plaintiff's motion to strike certain affirmative defenses (Doc. 15). Specifically, Plaintiff moves to strike Defendants' First, Second, Third, Fourth and Sixth Affirmative Defenses as they are insufficient and improper. Defendants oppose the motion (Doc. 22).[1] Based on the following, the Court grants in part and denies in part Plaintiff's motion.

---

[1] Defendants respond that the motion to strike is premature. The Court does not agree. **Federal Rule of Civil Procedure 12(f)** provides that motions to strike must be made "within 20 days of the service of the pleading..." Thus, Plaintiff's motion is timely.

## II. Analysis

The proper way for a plaintiff to challenge a legally insufficient affirmative defense is a motion to strike the defense under **Fed. R. Civ. P. 12(f)**. Motions to strike, however, are generally disfavored as they potentially serve only to delay. ***Heller Financial, Inc. v. Midwhey Powder Co.,* 883 F.2d 1286, 1294 (7th Cir. 1989)**. But where motions to strike "remove unnecessary clutter from the case, they serve to expedite, not delay." ***Id.***

Affirmative defenses, as pleadings, are subject to all pleading requirements of the Federal Rules of Civil Procedure and must therefore set forth a short and plain statement of the defense. **Fed. R. Civ. P. 8(a);** ***Heller,* 883 F.2d at 1294.** An affirmative defense which is insufficient on its face, which comprises no more than a bare conclusory allegation, or which consists of an unsupported legal conclusion will generally be stricken. ***Heller*, 883 F.2d at 1294.** Furthermore, simply naming a legal theory without indicating how it is connected to the case at hand is not sufficient to withstand a motion to strike. ***Renalds v. S.R.G. Rest. Group,* 119 F.Supp.2d 800, 803 (N.D. Ill. 2000)**.

### A. First Affirmative Defense[2]

---

[2]The First Affirmative Defense states:
The First Amended Complaint fails to state a claim for which relief may be granted, because the benefits provided by Defendant City to Plaintiff have at all times met the obligations of the Defendants under the specific, applicable provisions of USERRA, namely 38 U.S.C. § 4316(b)(1)(B), which provides in relevant part:\
[A] person who is absent from a position of employment by reason of service in the uniformed services shall be –
(A) deemed to be on furlough or leave of absence while performing such service; and
(B) entitled to such other rights and benefits not determined by seniority as are generally provided by the employer of the person to employees having similar seniority, status, and pay who are on furlough or leave of absence under a contract, agreement, policy, practice, or plan in effect at the

As to this Affirmative Defenses, Plaintiff argues that because § 4316(b)(1)(B) cannot be read to preempt § 4311(a), the claim that Defendants have complied with § 4316(b) does not state a valid defense to Defendants' alleged violation of § 4311(a).  Defendants respond that (and cite to **Rogers v. City of San Antonio, 392 F.3d 758 (5th Cir. 2004)**), their compliance with the "equal, not preferential, treatment" standard for benefits for employees with military leave obligations precludes Plaintiff's efforts to assert independent claims under § 4311.  At this stage in the litigation, the Court finds this First Affirmative Defense to be a properly pled defense and the Court sees no reason at this time to strike this defense.  Accordingly, the Court denies Plaintiff's motion to strike as to Defendants' First Affirmative Defense.

### B. Second, Third and Sixth Affirmative Defenses[3]

Under **Fed. R. Civ. P. 8**, pleadings must contain a short and plain statement setting forth the reasons for which the party pleading is entitled to the claim or defense.  The U.S. Supreme Court has determined that while facts need not be extensive, they must give the opposing party fair notice of what is being asserted.  **Conley v. Gibson, 355 U.S. 41, 47 (1957)**.  Further, the Seventh Circuit has held that affirmative defenses should be stricken if they are bare conclusory allegations that omit any short and plain statement of facts and fail to allege the necessary

---

commencement of such service or established while such person performs such service.

[3]Defendants' Second Affirmative Defense reads: "The prayer seeks relief not permitted by USERRA."; the Third Affirmative Defense reads: "The prayer seeks relief not permitted by the United States Constitution." and the Sixth Affirmative Defense reads: "Plaintiff has failed to mitigate damages."

elements of the alleged claim. *Heller*, **883 F.2d at 1294**.

Here, Defendants' Second, Third and Sixth Affirmative Defenses are bare conclusory allegations. They do not state any facts or allege the necessary elements. While Defendants' response states the particular defenses and details facts that may place Defendants within the purview of these defenses, Defendants fail to plead these specifics within their affirmative defenses. Thus, the Court strikes Defendants' Second, Third and Sixth Affirmative Defenses.

### C. Fourth Affirmative Defense

Defendants' Fourth Affirmative Defense states: "All actions taken by Defendants with respect to Plaintiff, including the decision to alter benefits provided to him and other employees, were based on legitimate and non-discriminatory reasons having nothing to do with Plaintiff's military service." This statement is not an affirmative defense, it is a denial of the allegations of Plaintiff's complaint that is redundant of its answer to the complaint. (See Answer p. 7, ¶ 20). Thus, the Court strikes Defendants' Fourth Affirmative Defense.

### III. Conclusion

Accordingly, the Court **GRANTS in part** and **DENIES in part** Plaintiff's motion to strike certain affirmative defenses (Doc. 15).

**IT IS SO ORDERED.**

Signed this 21st day of May, 2007.

/s/      David    RHerndon
**United States District Judge**