IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

RYAN P. CREWS

Plaintiff,

v.                                                          No. 06-1012-DRH

CITY OF MT. VERNON, a Municipal
Corporation; CHRIS DEICHMAN,
individually and in his capacity as Assistant
Chief for the City of M. Vernon; and CHRIS
MENDENALL, individually and in his capacity
as Chief of Police for the City of Mt. Vernon,

Defendants.

## MEMORANDUM and ORDER

HERNDON, District Judge:

### I. Introduction and Background

Pending before the Court is Defendants' motion to dismiss (Doc. 25). Plaintiff opposes the motion (Doc. 32). Based on the pleadings and the applicable law, the Court denies the motion to dismiss.

On December 21, 2006, Ryan Crews filed a First Amended Complaint against the City of Mt. Vernon, Chris Deichman, and Chris Mendenall, for alleged violations of the Uniformed Services Employment and Reemployment Rights Act ("USERRA"), 38 U.S.C. §§ 4301 *et seq* (Doc. 8). Crews is a member of the Illinois Army National Guard and is also a Police Officer for the City of Mt. Vernon, Illinois. The First Amended Complaint alleges that in order to fulfill his obligations to the

National Guard, Crews is required to attend periodic training exercises ("drills") for one weekend per month. Crews further alleges that "[c]ity employees participating in the National Guard frequently are ordered for drill on days that are not the employee's regularly scheduled days off." (Doc. 8, ¶ 11). The First Amended Complaint also alleges that Defendants "has had a policy, plan and practice that employees who are members of the National Guard could switch their schedules in order to work their regular days off in lieu of the regularly-scheduled days on which they had to attend drill." (Doc. 8, ¶ 11). Crews contends that this policy is a benefit of employment under the USERRA , 38 U.S.C. § 4303. Crews further alleges that on August 16, 2006, Defendants rescinded the policy of allowing its employees to work their regularly-scheduled days off in place of days they were required to attend drill. Crews alleges that the decision to rescind this policy is based on discrimination and in retaliation in violation of USERRA, 38 U.S.C. § 4311©. The First Amended Complaint seeks to recover "benefits" of his employment, attorney's fees and costs, and injunctive and equitable relief.

On February 2, 2007, Defendants filed a motion to dismiss arguing that Plaintiff's First Amended Complaint fails to state a claim (Doc. 25). Specifically, Defendants argue that Crews does not allege that he has been denied a benefit specifically mandated by USERRA or that he is being denied a benefit that other employees taking comparable non-military leave enjoy. Crews responds that he has stated a claim under USERRA in that he alleges that Mt. Vernon's policy of allowing employees in the National Guard to switch their schedules so as to work their

regular days off in lieu of regularly scheduled days on which they had to attend drill was protected by USERRA; that his membership in the military was a motivating factor in the decision to rescind the policy and that Defendants' refusal to reinstate the policy are/was wilful violations under USERRA. Crews also contends that Defendants retaliated against him for opposing rescission of the policy and for filing this action. The Court turns to address the merits of the motion.

## II. Motion to Dismiss

When ruling on a motion to dismiss for failure to state a claim, the district court assumes as true all facts well-pled plus the reasonable inferences therefrom and construes them in the light most favorable to the plaintiff. ***Fries v. Helsper***, **146 F.3d 452, 457 (7th Cir. 1998) (citing *Wiemerslage Through Wiemerslage v. Maine Township High School Dist. 207*, 29 F.3d 1149, 1151 (7th Cir. 1994))**. The question is whether, under those assumptions, the plaintiff would have a right to legal relief. ***Id***. This standard also has been articulated:

> [U]nder "simplified notice pleading," … the allegations of the complaint should be liberally construed, and the "complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."

***Lewis v. Local Union No. 100 of Laborers' Int'l Union*, 750 F.2d 1368, 1373 (7th Cir. 1984) (quoting *Conley v. Gibson*, 355 U.S. 41, 46-47 (1957)). Accord *Fries* at 457; *Vickery v. Jones*, 100 F.3d 1334, 1341 (7th Cir. 1996)**.

The Seventh Circuit recently reiterated the liberal standard governing

notice pleading:

> Rule 8 was adopted in 1938, and *Conley v. Gibson*, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957), stressed that it does not require fact pleading. It is disappointing to see a federal district judge dismiss a complaint for failure to adhere to a fact-pleading model that federal practice abrogated almost 70 years ago. As citations in the preceding paragraphs show, however, this is among many similar dispositions that the Supreme Court and this court have encountered recently and been obliged to reverse.

***Vincent v. City Colleges of Chicago*, 485 F.3d 919, 924 (7th Cir. 2007)(footnote omitted); *See also Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1057 (7th Cir. 1998); *Kaplan v. Shure Brothers, Inc.*, 153 F.3d 413, 419 (7th Cir. 1998)**. Motions to dismiss are intended only to test the legal sufficiency of the plaintiff's complaint, not to address the claims on their merits; summary judgment motions are the proper vehicles to consider legal arguments and evidence.

Here, Crews delineated facts sufficient to allow the Court to "understand the gravamen of the plaintiff's complaint." ***Kyle v. Morton High School*, 144 F.3d 448, 455 (7th Cir. 1998).** Affording the complaint a liberal construction, this Court cannot say that "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." ***Ledford v. Sullivan*, 105 F.3d 354, 356 (7th Cir. 1997) (citing *Hishon v. King & Spaulding*, 467 U.S. 69, 73 (1984)).**

### III. Conclusion

Accordingly, the Court **DENIES** Defendant's motion to dismiss (Doc. 25)

**IT IS SO ORDERED.**

Signed this 11th day of July, 2007

/s/     David  RHerndon
United States District Judge
