IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**RYAN P. CREWS.**

**Plaintiff,**

**v.**
**CITY OF MT. VERNON, a Municipal Corporation; CHRIS DEICHMAN, individually and in his capacity as Assistant Chief of Police for the City of Mt. Vernon; and CHRIS MENDENALL, individually and in his capacity as Chief of Police for the City of Mt. Vernon,**

**Defendants.**                                     No. 06-cv-1012-DRH

### MEMORANDUM and ORDER

**HERNDON, District Judge:**

On July 11, 2007, the Court entered an Order denying Defendants' motion to dismiss (Doc. 47). In the Order, the Court utilized the **Conley v. Gibson, 355 U.S. 41, 46-47 (1957)** standard in denying the motion to dismiss. Recently, the Supreme Court determined that **Conley's** famous "no set of facts" phrase "has earned its retirement." **Bell Atlantic Corp. v. Twombly, – U.S. –, 127 S.Ct. 1955, 1969 (May 21, 2007)**. According to the Supreme Court, the threshold pleading requirement of **Federal Rule of Civil Procedure 8** requires a complaint allege "enough facts to state a claim to relief that is *plausible* on its face" in order to survive a **Rule 12(b)(6)** motion to dismiss for failure to state a claim for which relief can be granted. ***Id*. at 974 (clarifying that a "heightened fact pleading of specifics" is not required)(emphasis added)**. In other words, the Supreme Court explained it

was "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief'" by providing "more than labels and conclusions," because "a formulaic recitation of the elements of a cause of action will not do . . . ." **Id. at 1964-65 (alteration in original)(quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986))**.  The plaintiff must plead factual allegations which show the right to relief exists beyond mere speculation by "rais[ing] a *reasonable expectation* that discovery will reveal evidence" to substantiate the plaintiff's claims.  **Id. at 1965 ("[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable and 'that a recovery is very remote and unlikely.'")(quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)(emphasis added))**.

Following the **Bell Atlantic** standard, the Court must determine whether Plaintiff's First Amended Complaint shows it is plausible that Plaintiff is entitled to relief on his claims against Defendants.  Reviewing the allegations of the complaint, the Court finds Plaintiff has plead sufficient facts to convince this Court that it is *plausible* that he may be entitled to relief on his claims.  Therefore, the Court's prior ruling remains the same and the Court denies Defendants' motion to dismiss.

**IT IS SO ORDERED.**

Signed this 23rd day of July, 2007.

/s/         David    RHerndon
**United States District Judge**